George Tilzer, J.
Plaintiff leased certain premises from defendant by an agreement, dated November 15,1955, for a term of 10 years commencing April 1, 1956. In the period prior to the commencement of the term, plaintiff was obliged to take certain steps preparatory to the use and exploitation of the space and to deposit $25,000 Avith the defendant. Pursuant to article 39, plaintiff could cancel on or before March 1, 1956, not *136 withstanding anything to the contrary contained in the lease, in which event the $25,000 deposit is to be returned. Provision for additional deposit for security in the sum of $150,000 is made elsewhere. Pursuant to article 40, failure of compliance entitles the defendant to retain the $25,000 as liquidated damage. Plaintiff did cancel and sues to recover the $25,000 deposit upon a first cause of action on the contract and upon a second cause of action pursuant to section 233 of the Beal Property Law. In its answer, defendant alleges plaintiff’s nonperformance and the arbitration clause of the agreement. It asserts also two counterclaims; the first alleges that, by reason of the lease, defendant was unable to let the property to others and that, by reason of plaintiff’s failure to comply with article 40, damage has accrued for the rent for the months of April, May and June, 1956. The second asserts that, by reason of the lease and its breach by plaintiff, losses resulted in the opportunity to make other commitments. Plaintiff now moves for summary judgment upon the first and second causes of action and for judgment dismissing the first and second counterclaims.
The contract provides the measurement of damage in the event of plaintiff’s breach prior to the commencement of the term and of the cancellation by plaintiff. Ensuing damage as thus provided is not subject of either counterclaim. In addition, if proved, its recovery by defendant is effected by joinder of the issue as between the complaint and the first defense thereto. Accordingly, the first counterclaim is insufficient since the lease term never came into effect and the rent could not accrue. The second counterclaim is insufficient since the contract denies to defendant a cause for recovery of the damage therein stated.
As to the second cause of action, section 233 of the Beal Property Law must be strictly construed as relating to deposit of security for performance of the lease with respect to the use of the property as a tenant. The deposit in dispute is not covered by that statute. Actually, that deposit relates to the right of the plaintiff to become a tenant and the performance of preliminary obligations in connection with the development of subleasing opportunities after the commencement of the term. The second cause of action is, therefore, insufficient. As to the first cause of action, triable issues are raised.
The motion is granted to the extent of dismissing the first and second counterclaims and the second cause of action is, upon this motion, likewise dismissible and it is dismissed. The motion is denied as to the first cause of action. Settle order providing for severance.